UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

MARIA ESPINEYRA,

    Plaintiff,

v.

ARBOR E&T, LLC. d/b/a RES-CARE
WORKFORCE SERVICES

    Defendant.

_____/

## COMPLAINT

COMS NOW, Plaintiff, MARIA ESPINEYRA (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, ARBOT E &T, LLC. d/b/a RES-CARE WORKFORCE SERVICES (hereafter referred to as "Defendant") and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA").

## PARTIES

2. Plaintiff, MARIA ESPINEYRA, is an adult, female resident of Miami-Dade County, Florida.

3. Defendant, is ARBOT E &T, LLC. d/b/a RES-CARE WORKFORCE SERVICES is a Foreign Limited Liability Company, authorized to conduct business in Florida, and did at

all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. 760.01, et seq. since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute, the FRCA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et. seq.

6. At all times material hereto Defendant was an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. Plaintiff is an "employee" within the meaning of the ADEA.

9. Defendant is an "employer" within the meaning of the ADEA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331.

11. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

13. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. Plaintiff is a 64-year-old female.

16. On or about February 2, 2002, Plaintiff began working for Defendant as a career advisor.

17. On or about 2016, Defendant hired Hilma Brito as regional director.

18. Since Ms. Brito began working for Defendant, Plaintiff was subjected to age-based animosity.

19. During work meetings, Ms. Brito would constantly say that she wanted younger and newer people for the company.

20. On many occasions, Ms. Brito would tell Plaintiff that she should go live with her daughter in New York.

21. Ms. Brito would tell Plaintiff that Plaintiff was very alone here and would ask her why she did not go to New York because Plaintiff was old.

22. Plaintiff would tell Ms. Brito to stop making these comments, that she was never going to leave.

23. Plaintiff's immediate supervisor, Beralio Alvarez, would also subject Plaintiff to age-based animosity.

24. On several occasions, Mr. Alvarez would tell Plaintiff that it was time for her retire and go live with her daughter.

25. On numerous occasions, Mr. Alvarez told Plaintiff that she was old and that her skin was sagging.

26. Mr. Alvarez told Plaintiff that she should bring her original birth certificate from Cuba in order to demonstrate her real age.

27. Mr. Alvarez told Plaintiff that she had bunions.

28. Mr. Alvarez would constantly tell Plaintiff that he did not understand when she spoke to him because of her age. Plaintiff did not have any problems or issues communicating with anyone because of her age.

29. Defendant began hiring younger people from a temporary agency.

30. Ms. Brito and Mr. Alvarez would look at Plaintiff laugh at Plaintiff for no reason.

31. On February 18, 2019 as a result of Plaintiff's age, Plaintiff was terminated by Defendant.

32. Plaintiff was qualified to do the job of career advisor.

33. Plaintiff had been employed by Defendant for over 15 years.

34. Plaintiff was replaced by a substantially younger people for the same position as Plaintiff.

## COUNT I
### Age Discrimination in Violation of the ADEA

35. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-34 above as is set out in full herein.

36. Plaintiff is in the protected age category under the ADEA.

37. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

38. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

39. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

40. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

41. Defendant retained the new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

46. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

47. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

48. Defendant is a covered employer to which the ADEA applies.

49. Defendant terminated and disqualified Plaintiff from employment because of Plaintiff's age.

50. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

51. Plaintiff re-alleges and re-affirms Paragraphs 1-34 as is it fully set forth herein.

52. Plaintiff is a member of a protected age category under the FCRA.

53. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

54. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

55. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

56. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

57. Defendant retained the new, younger employees, trained by Plaintiffs and did so despite the knowledge of engaging in discriminatory actions.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

60. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant.

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein.

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

    e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

                        Respectfully submitted

                        GALLARDO LAW OFFICE, P.A.
                        8492 SW 8th Street

Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223